UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>Cosme Cruz<br><br>Debtor(s)<br>Hoarce Fox Jr., as Trustee for Cosme Cruz<br><br>Plaintiff(s)<br>Cosme Cruz, Shirleann Cruz, and Alma Melendez<br><br>Defendant(s) | ) BK No.: 12-28551<br>)<br>)<br>) Chapter: 7<br>)<br>) Honorable Jacqueline Cox<br>)<br>)<br>)<br>) Adv. No.: 14-00709<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### Findings of Fact and Conclusions of Law

This matter is before the Court on the Motion of Counter-Plaintiff/Cross-Plaintiff, Alma Melendez, for entry of a default judgment against Counter-Defendant, Horace Fox, Jr. as trustee for Cosme Cruz, and Cross-Defendants, Cosme Cruz and Shirleann Cruz, pursuant to Bank R. 7055 and Fed. R. Civ. Pro. 55. An order of default was entered solely against Cosme Cruz and Shirleann Cruz on the allegations of the Crossclaim of Alma Melendez to Determine Validity of Lien (Counterclaim/Crossclaim) and those allegations are thereby admitted solely against Cosme Cruz and Shirleann Cruz. Counter-Defendant Horace Fox, Jr., as trustee for Cosme Cruz, is not affected, estopped, or precluded by these Findings of Fact or Conclusions of Law.

I. FINDINGS OF FACT

1. On September 29, 2014, the Chapter 7 Trustee, Horace Fox, Jr. (the Trustee), commenced this adversary proceeding by filing his Complaint to Sell Property Pursuant to 11 U.S.C. 363(h) (the Complaint).

2. Counter-Plaintiff, Alma Melendez (Melendez) was named as a defendant to the Complaint as she has alleged that she has a valid and enforceable security interest in in the Debtor's portrait of Rembrandt Van Rijn (the "Painting"). The Debtor, Dr. Cosme Cruz (Dr. Cruz), and his wife Shirleann Cruz (Mrs. Cruz) were also named as defendants.

3. On October 27, 2014, Melendez filed a Counterclaim against the Trustee and a Crossclaim against Dr. Cruz and Mrs. Cruz to determine the validity of her security interest in the Painting (the Counterclaim).

4. All such well-pleaded allegations are deemed admitted by Dr. Cruz and Mrs. Cruz pursuant to Fed. R. Civ. Pro. 8(b)(6) for their failure to answer the Crossclaim.

5. On or about November 9, 2010, Dr. Cruz and Melendez entered into a Limited Liability

Membership Sale Agreement (the Sale Agreement) pursuant to which Melendez agreed to sell to Dr. Cruz her interest in membership units representing a forty-nine percent interest in Summit Medical Care, LLC.

6. On or about November 9, 2010, Dr. Cruz also executed a promissory note (the "Note") in favor of Melendez which he promised to pay Melendez a total of $124,386.48 in 36 successive monthly installments as partial payment of the purchase price.

7. On or about November 9, 2010, Dr. Cruz also executed a security agreement in which he agreed to grant Melendez a security interest in his portrait of Rembrandt Van Rijn (the "Painting") as security for his obligations under the Note (the "Security Agreement"). The Painting is described in the Security Agreement as the collateral securing Dr. Cruz's obligations under the Note and a copy of a photograph of the Painting is attached to the Security Agreement to further describe the collateral.

8. In Paragraph 7(b) of the Sale Agreement, Dr. Cruz represented that he was the owner of the Painting free and clear of all encumbrances.

9. On or about January 17, 2011, Melendez filed a UCC Financing Statement with the Illinois Secretary of State (the "Financing Statement") recording her security interest in the Painting. At that time, no previous financing statement had been filed recording an interest in the Painting.

10. In his sworn testimony at the meeting of creditors held in the underlying bankruptcy case on September 20, 2012, Dr. Cruz admitted executing the Promissory Note and Security Agreement.

11. To the extent that Melendez holds a valid security interest in the Painting pursuant to the Security Agreement, Melendez is obligated to dispose of the Painting in a commercially reasonable manner and to apply the proceeds to the debt that Dr. Cruz owes to her.

12. The Trustee does not object to Melendez selling the Painting subject to the Court's ruling at a later date as to whether she may apply the proceeds to Dr. Cruz's debt to her pursuant to the Security Agreement or whether the proceeds are property of the Estate.

13. On or about June 4, 2014, Dr. Cruz tendered the Painting to Melendez.

14. Melendez is currently in possession of the Painting.

15. Susanin's Auctioneers and Appraisers, a Chicago based auction house, has agreed to sell the Painting at auction.

II. CONCLUSIONS OF LAW

a. Jurisdiction

16. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1334(a), which provides that federal district courts have "original and exclusive jurisdiction" of all cases under Title 11 of the United States Code.

17. 28 U.S.C. § 157(a) allows the district courts to refer cases under Title 11 to the bankruptcy judges for their districts. Pursuant to its Internal Operating Procedure 15(a), the U.S. District Court for

the Northern District of Illinois has made a referral of cases and proceedings filed under Title 11 to the Bankruptcy Judges for the Northern District of Illinois.

18. Pursuant to 28 U.S.C. S 157(b)(1), a bankruptcy judge to whom a case has been referred may enter final judgment on core proceedings arising in the case. Pursuant to 28 U.S.C. § 157(b)(2)(k) determinations as to the validity of liens are core proceedings.

b. Validity of Melendez's Security Interest.

19. Pursuant to Section 9-203(b) of the Illinois Uniform Commercial Code, 810 ILCS 5/9–203 (b), a security interest is enforceable when the secured party has given value, the debtor has rights in the collateral, the debtor and the collateral are property identified, and the debtor has authenticated a security agreement that describes the collateral.

20. The Trustee has filed an Answer to the Counterclaim in which he denies the validity of Melendez's security interest.

21. Accordingly, it is hereby ordered that (1) Melendez is authorized to deliver the Painting to Susanin's Auctioneers and Appraisers or to another auction house to be sold; and (2) Melendez shall hold the proceeds of the sale until further determination by this Court as to whether she may apply the proceeds towards Dr. Cruz's debt to her or whether the proceeds shall be property of the Estate.

Enter: *Jacqueline P. Cox*
J. Cox

Dated: DEC 29 2014

United States Bankruptcy Judge

**Prepared by:**
Samuel Neschis (ARDC No. 6274113)
Lohman, Neschis & Tolitano, LLC
2400 East Devon Avenue, Suite 284
Des Plaines, Illinois 60018
(847) 635 7877

Rev: 20130103_apo